IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIRMA HELGET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-2228 KHV/KGG |
| | ) |
| CITY OF HAYS, KANSAS, TOBY DOUGHERTY, | ) |
| and DONALD SCHEIBLER | ) |

PROTECTIVE ORDER

NOW on this 31st day of July, 2013, the above-captioned matter comes on for consideration by the Court. The parties have jointly requested a Protective Order due to the nature of the allegations contained in Plaintiffs Complaint. Plaintiff alleges that Defendants improperly terminated her from her position with the City of Hays, Kansas ("City") due to Plaintiff providing an affidavit in a separate lawsuit brought against the City. The City alleges Plaintiff was terminated as a result of her acts in providing confidential information to individuals outside of the police department as well as improper use of her work computer and other employment issues. One of several issues arising in discovery will be Plaintiffs use of the internet at work and her personnel file regarding employment issues she had while with the City. Further, it is likely that issues surrounding other individuals use of the internet at work may be raised and inquiries pertaining to these issues require the parties to discover and/or produce information, documents and things (which may include electronically created or stored information) that consist of personnel files of parties and nonparties, financial information, disciplinary investigations of the City, the internal reviews of the City and internal policies and procedures that are exempted from disclosure pursuant to the Kansas Open Records Act, K.S.A. § 45-221.

Accordingly, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential. Therefore, this Court finds good cause exists for the entry of this Order.

IT IS THEREFORE, ORDERED ADJUDGED AND DECREED:

1. The Protective order shall govern documents of a confidential nature. All such documents produced by a party are governed by and subject to this Protective Order, and shall be stamped "Confidential."

2. Any deposition testimony, interrogatory or filing by a party or witness in this action, may be considered confidential for the purposes of this Order if the testimony or filing relates to the information contained in the document and things marked "Confidential." In the context of a deposition, testimony may be designated as confidential by indicating on the record at the time of the deposition that such testimony is confidential and subject to this Protective Order. Within seven (7) days following the completion and delivery of the transcript of any deposition, a party may also designate testimony as confidential by identifying by page and line the information it considers to be confidential and subject to this Protective Order. The parties reserve the right to obtain a Protective Order from the Court maintaining the confidentiality of the information at the time of trial.

3. Except as provided for herein, testimony and documents designated as confidential shall be disclosed only to the parties, their counsel of record, their paralegals and clerical personnel, and to persons retained by counsel or the parties as experts. Counsel may mark confidential documents as deposition exhibits and show them to witnesses in depositions for the purpose of authenticating the document, obtaining an explanation of the document or impeaching a witness

who testifies contrary to the document. Counsel shall not otherwise permit disclosure of any confidential information or documents or any portion or summary thereof.

4. Documents or testimony designated as confidential and produced or provided in this litigation may be used only for the purposes of this litigation. Except as provided herein, no person having access to documents or testimony designated as subject to this Protective Order or the information therein shall make public disclosure of those documents or testimony or that information without further Order of the Court or stipulation of the parties.

5. If any party objects to another party's designation of a document as "Confidential," the objecting party shall provide written notification of the challenge to the disclosing party within 30 days of the production of the challenged document. The parties shall thereafter work together to agree on whether the challenged documents are truly confidential. If no agreement is reached, the disclosing party shall have 14 days from the written notification to file a Motion seeking the protections afforded by this Order and the moving party shall bear the burden of proving that the challenged documents are entitled to the protections afforded by this Order. Pending a ruling upon the Motion, the parties agree to treat the challenged documents as Confidential and subject to the provisions of this Order. If no Motion is filed within 14 days, the challenged documents will lose their confidential protection and will no longer be subject to the terms of this Order.

6. All documents designated as subject to this Protective Order and all copies thereof must be returned to opposing counsel within 30 days after the termination of this litigation, including any appeal, or shall be certified to counsel as having been destroyed, except as necessary to comply with the ethical requirements to maintain a lawyer's file.

7. Nothing in this Protective Order affects the right of counsel to discuss with a party any relevant information contained in documents or testimony designated as subject to this Protective Order.

8. Binding Effect of This Order. This Order is binding upon the parties, agents and employees of the parties, counsel for the parties and agents and employees of counsel for the parties.

9. Any party seeking to file under seal a motion or other pleading containing confidential information, must first file a motion with the Court and be granted leave to file the particular document under seal pursuant to D. Kan. R. 5.4.6.

10. This Protective Order does not constitute a ruling on the question of whether any particular document is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document.

11. Prior to trial, the parties shall meet and confer concerning the extension of this Protective Order and its application to the use of confidential information at the time of trial. If necessary, the Court will review such confidential information in camera and make a determination by separate order after briefing by the parties regarding the disputed information.

12. Upon termination of this action by final disposition, the parties may seek leave to reopen the case solely to enforce the provisions of this Protective Order.

**IT IS SO ORDERED**.

s/ KENNETH G. GALE

THE HONORABLE KENNETH G. GALE

United States Magistrate Judge

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ Peter Maharry
Jill Waldman, jwaldman@fisherpatterson.com #19634
Peter Maharry, pmaharry@fisherpatterson.com #19364
51 Corporate Woods, Ste.
300 9393 W. 110th Street
Overland Park, Kansas 66210
(913) 339-6757 / Fax: (913) 339-6187
ATTORNEYS FOR DEFENDANTS


/s/ Christopher J. Stucky
Christopher J. Stucky, #19378
Eric S. Playter, #23027
DUNN & DAVISON
1100 Walnut Street, Ste. 2900
Kansas City, Missouri 64106
(816) 292-7600 / Fax: (816) 292-7601
estucky@dunndavison.com
eplayter@dunndavison.com

a n d

Steve A.J. Bukaty
Donald R. Aubry
Joseph M. McGreevy
STEVE A.J. BUKATY, CHARTERED
8826 Santa Fe Drive, Ste. 218
Overland Park, Kansas 66212
(913) 341-1040 / Fax: (913) 385-5535
sbukaty@bukatylaw.com
daubry@bukatylaw.com
jmcgreevy@bukatylaw.com

ATTORNEYS FOR PLAINTIFF

{00307383}

{Protective Order}