# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| FIRMA HELGET, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 13-2228-KHV-KGG |
| CITY OF HAYS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "Motion to Defendant City of Hays Kansas to Produce Documents Listed on its January 9, 2014 Privilege Log." (Doc. 36.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

**A.  Nature of Case.**

Plaintiff brings this lawsuit against her former employer, Defendant City of Hays, Kansas (Defendant City), as well as individual Defendants Toby Dougherty, the City Manager for Defendant City, and Donald Scheibler, Chief of Police for Defendant City.  (*See generally* Doc. 1.)  Plaintiff brings various claims against Defendants for the allegedly wrongful termination of her employment. Specifically, she contends that she was improperly fired after submitting an

affidavit in a lawsuit (hereinafter "Dryden lawsuit") brought by former Hays, Kansas Police Department Officer Blaine Dryden against Defendant City, Defendant Dougherty, and the former Chief of Police "alleging interference with his constitutional rights . . . ." (*Id*., at 3-4.) Plaintiff contends, in part, that her termination constituted an unlawful interference with her right to testify at trial in violation of the First Amendment, an unlawful interference with her right to speak on a matter of public concern, and a violation of public policy. Defendants deny Plaintiff's claims and contend that her employment was terminated "because she could not maintain confidentiality . . . misused city computers . . . and could not effectively work with her superiors." (Doc. 42, at 1.)

**B.     Nature of Motion.**

In response to various requests for production, the parties agreed to have Defendant City search its e-mail server for messages containing certain agreed terms, including "Firma" and "Helget." Defendant produced documents in two sets, including privilege logs for each set. Plaintiff contends that according to the second privilege log (dated January 9, 2014), 66 e-mail messages were withheld, "[b]ut multiple e-mails withheld are neither 'to' nor 'from' any of the City's attorneys, and their descriptions do not describe any sufficient bases for the 'attorney-client privilege' to apply." (Doc. 36-1, at 2.)

Defendant responds that the privilege applies even if counsel for the City

was not copied on the e-mail because the e-mails were between employees of Defendant City at the direction of counsel and "meant to gather information to aid counsel in providing legal representation to the City," in particular regarding discovery requests. (Doc. 52, at 2-3.) Defendant also argues that the descriptions in the privilege log are sufficient. (*Id.*, at 6.) The Court will address both of the issues Plaintiff has raised in turn.

## **DISCUSSION**

**A.     Application of Attorney-Client Privilege**.

The undersigned Magistrate Judge has recently discussed the attorney-client privilege in a previous Order in this case, holding that federal court jurisdiction in this case is based on Plaintiff's claims arising under the United States Constitution as well as a federal statutory scheme, 42 U.S.C. § 1983. (Doc. 97, at 4.) Thus, as previously stated, federal law provides the rules of decisions as to the application of the attorney-client privilege. (*Id.*; Fed.R.Evid. 501.)

Under federal common law, the essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived. ***Marten v. Yellow Freight Sys., Inc.***, No.

96–2013–GTV, 1998 WL 13244, *5 (D.Kan. Jan. 6, 1998) (citation omitted).

> The privilege 'protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.' The privilege also protects advice given by the lawyer in the course of representing the client. The privilege protects communications with in-house counsel as well as outside attorneys. The privilege, however, 'is to be extended no more broadly than necessary to effectuate its purpose.'

*New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D.Kan.2009) (citations omitted).

The importance of the attorney-client privilege in American jurisprudence is well-established. *See* ***Cincinnati Ins. Co. v. M.S. ex rel. Serrano***, No. 11–2075–JAR/KGG, 2011 WL 6304086 (D.Kan. Dec. 16, 2011) (citing ***Milavetz, Gallop & Milavetz, P.A. v. U.S.***, 130 S.Ct. 1324, at n. 5 (2010) (holding that the attorney-client privilege is an important "means of protecting that relationship and fostering robust discussion" between a party and its counsel)). As such, waivers of the privilege are to be narrowly construed. *Id*.

It is well-established in this District that "the attorney-client privilege does not require an attorney to have either authored or received the document at issue in order to maintain the privilege." ***High Point SARL v. Sprint Nextel Corp.***, 2012 WL 234024, at *13 (D. Kan. Jan. 25, 2012). In ***High Point SARL***, Magistrate Judge Waxse discussed this issue and referenced his previous decision in ***Williams***

*v. Sprint/United Management Co.*, No. 03–2200–JWL–DJW, 2006 WL 266599, at *2 (D.Kan. Feb. 1, 2006), holding that

> '[o]rganizational clients and business entities often are personified by a number of employees. In preparation for, or in the midst of, consultations with an attorney, employees of the client will often consult one another to ensure that the attorney's advice is based on full knowledge of all relevant facts.' The Court found that '[w]hat is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer.' Therefore, where the client is a corporation, attorney-client privilege may attach to documents transmitted between non-attorney employees of the corporation if the communications are confidential and are for the purpose of obtaining legal advice from an attorney.

2012 WL 234024, at *13. As Judge Waxse described the ***Williams*** holding, the "attorney-client privilege does not require an attorney to have either authored or received the document in order to maintain the privilege, what is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice." ***High Point SARL***, 2012 WL 234024, at *13 (citing ***Williams***, 2006 WL 266599, at *2).

Defendant states that "[t]he communications were the direct result of requests by counsel for the City and were for the purpose of obtaining legal advice as to responding to Plaintiff's discovery requests." (Doc. 52, at 5.) Plaintiff does not controvert this. Thus, the Court finds that Defendant has adequately

established that the e-mail at issue in the present case "were for the expressed purpose of obtaining information and documents" and "were necessary to allow information to be provided to counsel for the City so he could adequately evaluate the information and respond to Plaintiff's discovery requests." *Id.* As such, these communications are protected by the attorney-client privilege.

**B.    Sufficiency of Privilege Log**.

A privilege log must provide sufficient information to allow the other party assess the claimed to privilege. ***Kear v. Kohl's Dept. Stores, Inc***., No. 12-1235-JAR-KGG, 2013 WL 3088922, *3 (D. Kan. June 18, 2013) (citing Fed.R.Civ.P. 26(b)(5)). As stated above, Plaintiff argues that the privilege log does not contain sufficient information to allow Plaintiff to determine the appropriateness of Defendant's claims of privilege regarding certain documents. (Doc. 36-1, at 2.) The documents at issue are described in the privilege log as either "e-mail to city employees regarding discovery issues and requests by [city attorney] Peter Maharry in response to Plaintiff's discovery requests," "email to city employees regarding search requests by Peter Maharry in response to Plaintiff's discovery requests," "e-mail to city employee relaying information from city attorney pertaining to the Helget litigation," "e-mail to city employee relaying information requests by Peter Maharry in Helget litigation," "e-mail to insurance representative from city employee regarding Helget litigation," "e-mail to city employees relaying

information provided by counsel in LaRue v. Hays," or "e-mail to city employee relaying information pertaining to Dryden litigation." (Doc. 36-1, at 4-5.)

Plaintiff contends that "[n]one of these descriptions state that the e-mails withheld contain any requests for advice from the City or any actual advice given by the City's attorneys." (*Id*., at 5.) Defendant responds, however, that "[t]he descriptions within the privilege log are sufficient in that they describe the documents and its substance without revealing any of the privileged information." (Doc. 52, at 6.) Defendant continues that "[t]he fact that [a listing in the privilege log] does not specifically use the word 'advice or 'advise' does not change the fact that these e-mails involve the legal advice of counsel as it relates to discovery in this matter." (*Id*.)

The Court is sympathetic to Plaintiff's position. Several of these entries, when taken alone, provide nothing more than bare bone descriptions of the communications involved. Taken as a whole, however, the Court finds that the documents sufficiently establish that these communications all involve Defendant's attempts to compile and review information in an attempt to respond to Plaintiff's discovery requests. Further, the Court is also sympathetic to Defendant's attempts to provide sufficient information without divulging any privileged information. The Court also notes that the entries in the privilege log about which Plaintiff complains are similar to entries composed for her own privilege log. If anything,

Plaintiff's privilege log contains less substantive detail than Defendant's privilege log.

All things considered, the Court finds that Defendant's privilege log is sufficiently detailed and that Defendant has established that the documents being withheld were "made in confidence for the purpose of obtaining legal advice." *High Point SARL*, 2012 WL 234024, at *13 (citing *Williams*, 2006 WL 266599, at *2). Plaintiff's motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Defendant City of Hays Kansas to Produce Documents Listed on its January 9, 2014 Privilege Log" (Doc. 36) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 28th day of March, 2014.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge