# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| FIRMA HELGET, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-2228-KHV-KGG |
| | ) | |
| CITY OF HAYS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "Motion to Compel Defendants to Initiate a Litigation Hold, for Preliminary Sanctions for Spoliation of Evidence and for Leave to Conduct Supplemental Discovery on Spoliation." (Doc. 33.) For the reasons set forth below, this motion is **GRANTED in part and DENIED in part**. Also pending is Defendant City's "Motion for Protective Order." (Doc. 50.) For the reasons set forth below, Defendant's motion is **GRANTED in part**.

## BACKGROUND

**A.  Nature of Case.**

Plaintiff brings this lawsuit against her former employer, Defendant City of Hays, Kansas (Defendant City), as well as individual Defendants Toby Dougherty,

1

the City Manager for Defendant City, and Donald Scheibler, Chief of Police for Defendant City. (*See generally* Doc. 1.) Plaintiff brings various claims against Defendants for the allegedly wrongful termination of her employment. Specifically, she contends that she was improperly fired after submitting an affidavit in a lawsuit (hereinafter "Dryden lawsuit") brought by former Hays, Kansas Police Department Officer Blaine Dryden against Defendant City, Defendant Dougherty, and the former Chief of Police "alleging interference with his constitutional rights . . . ." (*Id.*, at 3-4.) Plaintiff contends, in part, that her termination constituted an unlawful interference with her right to testify at trial in violation of the First Amendment, an unlawful interference with her right to speak on a matter of public concern, and a violation of public policy. Defendants deny Plaintiff's claims and contend that her employment was terminated "because she could not maintain confidentiality . . . misused city computers . . . and could not effectively work with her superiors." (Doc. 42, at 1.)

**B.     Nature of Spoliation Motion.**

In the matter before the Court, Plaintiff argues that Defendants failed to put a litigation hold in place, spoliated evidence by destroying a server containing certain internet usage logs, "and appears to have overwritten or deleted other electronic documents and ESI, including e-mail messages related to Firma Helget,

users' internet history on their hard drives, and documents on several of the key players' PC computers." (Doc. 33-1, at 1-2.) Plaintiff

> asks the Court to compel the defendants to put a litigation hold in place, to produce the forensic images of the hard drives from the five key players and for the computer that had been assigned to Ms. Helget, to pay for the necessary forensic imaging and analysis of these hard drives to attempt to recover the deleted or destroyed documents and ESI, and to pay Ms. Helget's attorneys' fees for having to bring the instant motion.

(*Id.*, at 2.)

Defendant responds that Plaintiff incorrectly "presupposes that – once litigation is instituted, the defendant has an obligation to preserve everything – its computers, documents, information – as is." (Doc. 44, at 2.) Defendants argue that they were only "under a duty to preserve *evidence relevant to this litigation*," which Defendants contend they did. *Id*. (emphasis in original).

## C. Notice to Defendant of Document Retention.

Plaintiff's employment was terminated on May 16, 2012. (Doc. 1, at 4.) On June 26, 2012, Plaintiff's counsel sent defense counsel a letter requesting the preservation of certain information, including "internet usage, including e-mail usage, by each employee in the Hays Police Department for the period beginning January 1, 2012 and ending May 16, 2012." (Doc. 33-3.)

Plaintiff's lawsuit was filed on May 15, 2013. (Doc. 1.) On June 28, 2013,

3

the Court entered its Initial Order Regarding Planning and Scheduling. (Doc. 4.)

That Order specifically instructs the parties that

> [i]n developing their case management plan, counsel should keep in mind that electronically stored information (ESI) was the subject of very significant amendments to Fed. R. Civ. P. 16, 26, 33, 34, 37, and 45 that went into effect on December 1, 2006. Therefore, prior to the Rule 26(f) planning conference, counsel should familiarize themselves with those amendments and review the ESI guidelines that are posted on this court's Internet website:
> (*http://www.ksd.uscourts.gov/guidelines/electronicdiscoveryguidelines.pdf*)
> As this court's ESI guidelines make clear, prior to the Rule 26(f) conference, counsel also should become knowledgeable about their clients' information management systems and their operation, including how the information is stored and retrieved.

(*Id.*, at 1-2.)

The Court entered its Scheduling Order on August 13, 2013, which included the following instructions regarding ESI:

> Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows: As the issues arise.[1]

---

[1] This stipulation in the Scheduling Order is grossly inadequate in a case in which ESI is a known issue. It reflects on a failure of the parties to adequately discuss this issue prior to the conference and, perhaps, on a failure of the undersigned Magistrate Judge to insist that they do so. This dispute is the wages of that sin.

(Doc. 21, at 3.)[2]

**D.  Nature of Motion for Protective Order.**

Subsequent to Plaintiff's spoliation motion, Plaintiff served a subpoena for the deposition of a corporate representative of Defendant City on issues relating to spoliation. (Doc. 41.) The second of the "matters for examination" enumerated in the deposition subpoena is "[t]he details surrounding any efforts by the City of Hays, Kansas to initiate and comply with a "litigation hold" related to the lawsuit filed by Blaine Dryden against the City of Hays, Kansas." (Doc. 41, at 3.) Defendant moves to quash the deposition or enter a protective order to exclude deposition questioning relating to the Dryden litigation.

## **DISCUSSION**

**A.  Plaintiff's Motion to Compel a Litigation Hold and for Sanctions Regarding Spoliation.**

**1.  Spoliation.**

"'Spoliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" ***Asher Assocs. v. Baker Hughes Oilfield Operations***, No. 07-01379, 2009 WL 1328483, at *5 (D. Colo. May 12,

---

[2] The Court notes that new ESI guidelines have gone into effect since the Initial Order Regarding Planning and Scheduling and the Scheduling Order were entered in this case.

2009) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2nd Cir. 1999)).

> Thus, spoliation is both the destruction of evidence and/or the failure to preserve evidence. As such, litigants have a duty to preserve documents or materials – including electronic documents and materials – that may be relevant to ongoing and potential future litigation.

*Philips Electronics North America Corp. v. BC Technical*, 773 F.Supp.2d 1149, 1195 (D. Utah 2011). "Such preservation may not be 'selective,' saving only the evidence supporting a theory of liability and impeding the examination of another theory." *Benton v. Dlorha, Inc.*, 06-CV-2488-KHV, 2007 WL 3231431, at *4 (D.Kan. Oct. 30, 2007).

Typically, the duty to preserve commences with the filing of a lawsuit, but the duty may arise even before a lawsuit is filed if a party has notice that future litigation is likely. *Philips Electronics*, 773 F.Supp.2d at 1195 (citing *Asher Assocs.*, 2009 WL 1328483, at *5 and *Arista Records, LLC v. Usenet.com, Inc*., 633 F.Supp.2d 124, 139 (S.D.N.Y.2009) (holding that an employer had a duty to preserve information on its employees' computers at the start of litigation)).

A party alleging spoliation of evidence must generally establish the following elements:

> (1) that the party had an obligation to preserve the electronic evidence at the time it was destroyed; (2) that

> the electronic evidence was destroyed with a culpable state of mind (may include ordinary negligence, gross negligence, recklessness, willful, or intentional); and (3) the destroyed evidence was relevant and favorable to the party's claim such that a reasonable trier of fact could find it would support that claim.

*Benton*, 2007 WL at *4.  Bad faith is not a required element unless a moving party is requesting an adverse inference instruction relating to potentially destroyed evidence.  ***Turner v. Public Service Co. of Colorado***., 563 F.3d 1136, 1150 (10th Cir. 2009).  Because Plaintiff has not requested an adverse inference instruction at the present time, she will not be required to make a showing of bad faith.

### 2. Litigation hold and duty to preserve evidence.

The Court finds that Defendants had a duty to preserve at least a portion of the electronically stored evidence at issue, establishing the first of these elements.  Defendants put ESI at issue by stating that Plaintiff was fired, in part, for improper, personal use of Defendant City's computers.  Thus, ESI relating to computer usage by Plaintiff – as well as her coworkers in her department – is relevant to a determination of whether this aspect Defendants' stated reasons for her termination is valid or pretextual.  Further, Plaintiff's counsel sent defense counsel a letter on June 26, 2012, requesting the preservation of certain information, including "internet usage, including e-mail usage, by each employee in the Hays Police Department for the period beginning January 1, 2012 and ending May 16, 2012."

(Doc. 33-3.)

A "litigation hold" is an affirmative act taken by a party's attorney or management directing the party's employees or agents to take affirmative steps to preserve evidence which otherwise might be lost. The purpose of the hold is to avoid the loss of evidence through intentional or negligent actions, or even through routine document management. The Court acknowledges that Defendants may not have been obligated to impose the scope of the hold demanded in the July 26, 2012, letter from Plaintiff's counsel. Defendants were not, however, entitled to simply ignore the letter, which was apparently their response. Although Defendants claim that evidence was not lost, they do not claim that they imposed any type or scope of "hold" on the destruction of ESI. This was improper.

At the latest, Defendants should have informed Plaintiff's immediate coworkers, those holding similar positions with Defendant City, and the identified "key players"[3] of a litigation hold regarding their computers, ESI, and other relevant information regarding Plaintiff and her claims upon receipt of the June 26, 2012, letter from Plaintiff's counsel. To the extent Defendants still have not put such a litigation hold in place, they are instructed to do so immediately.

---

[3] In addition to the two individually named Defendants, "key players" include Erin Giebler (f/k/a Erin Niehaus), Brian Dawson, Paul Briseno, and Andrea Windholz.

Defendants are also instructed to supplement their interrogatory responses to reflect the statements made in Peter Maharry's December 5, 2013, e-mail. (*See* Doc. 33-6.)

There is no justification, however, for Defendant City to have entered into a city-wide litigation hold of such information, as advanced by Plaintiff. (*See* Doc. 33-1, at 6.) The Court sees no relevance of the computer usage of employees beyond Plaintiff's immediate coworkers, the key players, and those who held substantially similar positions for the City. It would be unnecessary to enter a litigation hold encompassing all Police Department employees let alone all employees working in all other departments of Defendant City's government.

### 3. Destruction of evidence.

The analysis thus turns to whether Plaintiff has established that any such ESI evidence was in fact destroyed. Plaintiff focuses on three categories of information: 1) the "Websense Server"/internet usage history, 2) Plaintiff's computer, and 3) e-mail. The Court will address each of these categories in turn.

#### a. Websense server.

Plaintiff argues that Defendant destroyed its "Websense Server," which Plaintiff contends contained "the only complete record of the City's employees' internet usage history . . . ." (Doc. 33-1, at 8.) As Defendant City has explained,

9

however, this server was not used to monitor employee internet usage, but rather as an internet security "firewall." (Doc. 44, at 4.) Defendant therefore contends that it was under no obligation to preserve this server. The Court agrees.

Plaintiff has provided nothing more than assumptions and conclusory statements in an effort to establish that Defendants had a duty to preserve the information that would have been compiled in this server. The only substantive evidence before the Court is that "[a]s of May 16, 2012, the City did not have a program to monitor employees' internet usage." (Doc. 33-4, at 14.) Plaintiff has, therefore, failed to establish the relevance of the Websense server and its contents. As such, there is no evidence of spoliation in regard to this information.

Defendants did, however, put internet usage of Plaintiff, her immediate coworkers, and those individuals performing substantially similar job duties at issue by stating that Plaintiff was fired, in part, for improper, personal use of Defendant City's computers. As stated above, this information is relevant to a determination of whether this aspect Defendants' stated reasons for her termination is valid or pretextual. Further, Plaintiff's counsel sent defense counsel a letter on June 26, 2012, requesting the preservation of certain information, including "internet usage, including e-mail usage, by each employee in the Hays Police Department for the period beginning January 1, 2012 and ending May 16, 2012."

(Doc. 33-3.)

The Court is concerned that Defendant City had the Websense server "taken to e-waste and the hard drives . . . destroyed" in February 2013 – more than seven months after the preservation letter was sent by Plaintiff's counsel. Based on the information presented to the Court, however, it seems unlikely that this server would have contained the information Plaintiff assumes (or hopes) it would. Thus, Plaintiff has not established spoliation in regard to the Websense server.

Even so, the Court finds there are potential spoliation issues relating to the internet usage and email usage of the identified "key players," Plaintiff's immediate coworkers, and all individuals holding substantially similar positions for Defendant City, regardless of department. Defendant is instructed to submit to Plaintiff on or before **April 14, 2014**, a proposal for compiling, reconstructing, and/or producing to Plaintiff the "internet usage, including e-mail usage," from January 1, 2012, through May 16, 2012, of each of the identified "key players," Plaintiff's immediate coworkers, and all individuals holding substantially similar positions for Defendant City, regardless of department. Should the parties be unable to come to a mutually agreeable solution on this issue, they are instructed to contact the staff of the undersigned Magistrate Judge to set a conference to discuss the same.

### b. Plaintiff's computer.

Plaintiff next argues that spoliation of documents and ESI occurred in regard to the computer she used during her employment "given that the City gave her computer to another employee, who used it continuously through November, 2013, well after this lawsuit was filed." (Doc. 33-1, at 12.) Plaintiff contends that the computer would have been one possible location for certain of her emails that she states were "permanently deleted and overwritten from the City's Exchange server" as well as her internet usage history. (*Id*.) Because the computer was used by another employee after Plaintiff's termination, however, she contends "it is likely any deleted items on that computer's hard drive have since been overwritten," necessitating forensic imaging of the computer's hard drive. (*Id*.)

Defendant responds that it even though the computer was used by another employee, Plaintiff's "specific profile has not been altered and the subsequent use by another employee does not affect her profile." (Doc. 44, at 8.) Rather, her account was locked immediately to preserve it as it was on her last day of employment. *Id*. Defendant concedes that it cannot "guarantee the current status" of the computer because of the length of time it has gone without being used. (*Id*.) Even so, Defendant "did archive Plaintiff's Exchange mailbox and H drive from July 2012, along with the audio files previously produced and an e-mail query

requested by the police department." (*Id.*)

Because Defendant cannot guarantee the current status of the computer, the Court finds that Plaintiff is entitled to a forensic image of the hard drive of the computer she most recently used while employed by Defendant. This computer should have been better protected by a litigation hold. But because Defendant made arguably reasonable efforts to maintain the computer's contents, and because it is not yet apparent that data from this computer has been lost, the parties shall split the cost of imaging the hard drive.

  c. **E-mail.**

Plaintiff also states that "228 e-mail messages" have been produced by Defendants "that appear to have been deleted and only partially recovered." (Doc. 33-1, at 13.) Plaintiff's motion, however, discusses – and provides evidence of – only one such emails. (Doc. 33-1, at 13; Doc. 33-10.) Plaintiff argues that this constitutes "more evidence . . . that document deletion and wiping is still ongoing." (*Id.*)

Defendants respond that they have produced "roughly 10,000 e-mails in this case" and the 228 partial e-mails on which Plaintiff is focusing "are simply corrupted e-mails and not evidence of any intentional destruction." (Doc. 44, at 9.) Defendants continue that "[t]he fact that the City maintained the e-mails and then

13

produced the 'corrupted' versions belies any contention that it intentionally engaged in any document destruction." (*Id.*)

The Court agrees with Defendant. Plaintiff has not established that any of these documents were intentionally destroyed before they were ultimately recovered and produced to Plaintiff. Thus, the Court finds that, at this point, there is insufficient evidence of spoliation of evidence in regard to the requested e-mail.

2. **Sanctions for Spoliation.**

Courts have identified five factors to determine the correct sanction for spoliation of evidence:

> (1) the degree of actual prejudice to the [non-culpable party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir.2009) (citing *Ehrenhaus*, 965 F.2d at 920–21).

Plaintiff asks the Court for an Order "compelling the City to submit to a third party expert who will collect forensic images of the PC computers of Donald Scheibler, Toby Dougherty, Brian Dawson, Erin Giebler (f/k/a Erin Niehaus), Paul Briseno, and the computer previously assigned to Firma Helget." (Doc. 33-1, at 17.) Other than the one "recovered" e-mail from Paul Briseno (Doc. 33-10),

14

Plaintiff has provided the Court with no evidence to justify the effort, expense, and intrusion of ordering forensic imaging of the entire hard drives of all of these individuals' computers.

The Court does find, however, that forensic recovery regarding the internet usage and e-mail usage of these individuals, as well Plaintiff's immediate coworkers and those individuals performing substantially similar job duties for Defendant City, regardless of department, is both relevant and discoverable.

Further, the Court finds that Defendant City had an obligation to preserve this information. Regardless of whether it was destroyed intentionally or negligently, Plaintiff has provided sufficient evidence that the information is no longer readily available for production. This portion of Plaintiff's motion is **GRANTED**. Because Defendant City had a responsibility to maintain this information, the Court orders Defendant City to bear the cost for a forensic restoration. As stated above, Defendant City is instructed to submit to Plaintiff on or before **April 14, 2014**, a proposal for compiling, reconstructing, and/or producing to Plaintiff the "internet usage, including e-mail usage," from January 1, 2012, through May 16, 2012, of each of the identified "key players," Plaintiff's immediate coworkers, and all individuals holding substantially similar positions for Defendant City, regardless of department. Should the parties be unable to

come to a mutually agreeable solution on this issue, they are instructed to contact the staff of the undersigned Magistrate Judge to set a conference to discuss the same.

Plaintiff also requests attorney fees related to the filing of the present motion. Based on the limited findings of this order, such sanctions would be limited to a portion of the cost of briefing. However, the Court does not find that Defendant City is responsible for Plaintiff's costs and fees relating to the present motion as the dispute between the parties was valid. Plaintiff's request for monetary sanctions is **DENIED**.

**B.**     **Defendant's Motion for Protective Order.**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> \* \* \*
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the

>     disclosure or discovery;
>                         * * *
>     (D) forbidding inquiry into certain matters, or limiting
>     the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id.*; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Defendant initially argues that spoliation is not an issue in the present case. Based on the findings in this Court's Order regarding Plaintiff's motion regarding spoliation, *supra*, the Court does not agree. The Court will not, therefore, quash the deposition in its entirety.

Defendant also argues, however, that Plaintiff's claims of spoliation in the present matter "involve different types of information or data than what was at issue in the *Dryden* litigation." (Doc. 51, at 4.) Defendant continues, and Plaintiff does not dispute, that "internet usage was not an issue" in the Dryden litigation, in which the Plaintiff claimed he was fired because of his union activity. (*Id.*)

The Court therefore finds that the second category of information listed in

Plaintiff's deposition subpoena is irrelevant to the issues in present litigation. As such, Defendant has established "good cause" to support the requested Protective Order because it would be unduly burdensome *per se* to require Defendant to prepare and produce a witness to be deposed on Defendant City's efforts to "initiate and comply with a litigation hold'" in the Dryden lawsuit. This portion of Defendant's motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Finding of Spoliation and for Sanctions (Doc. 33) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Protective Order (Doc. 50) is **GRANTED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 31st day of March, 2014.

                                   S/ KENNETH G. GALE
                                   KENNETH G. GALE
                                   United States Magistrate Judge