# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FIRMA HEGLET,                          )
                                       )
          Plaintiff,             )
                                       )
v.                                     ) Case No. 13-2228-KHV/KGG
                                       )
CITY OF HAYS, KANSAS, *et al.*,        )
                                       )
          Defendants.            )
_____)

## MEMORANDUM & ORDER ON
## DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FULLY
## RESPOND TO DEFENDANTS' INTERROGATORY NO. 7

Before the Court is Defendants' Motion to Compel and supporting memorandum (Doc. 119, 120).[1]  The dispute centers on an interrogatory and request for production that seek information regarding e-mail maintained by Plaintiff regarding this lawsuit and the efforts she undertook to search for such information.  Defendants' motion is **GRANTED in part** and **DENIED in part** for the reasons set forth below.

## BACKGROUND

Plaintiff brings this lawsuit against her former employer, Defendant City of

---

[1] Defendants' motion (Doc. 119) was titled and filed as a motion to compel while it's supporting memorandum is entitled " Motion for Sanctions for Spoliation of Evidence" (Doc. 120). As there is no request for sanctions or discussion of the standards for spoliation, the Court will treat Defendants' submission as a motion to compel.

Hays, Kansas (Defendant City), as well as individual Defendants Toby Dougherty, the City Manager for Defendant City, and Donald Scheibler, Chief of Police for Defendant City.  (*See generally* Doc. 1.)  Plaintiff brings various claims against Defendants for the allegedly wrongful termination of her employment.  Specifically, she contends that she was improperly fired after submitting an affidavit in a lawsuit (hereinafter "Dryden lawsuit") brought by former Hays, Kansas Police Department Officer Blaine Dryden against Defendant City, Defendant Dougherty, and the former Chief of Police "alleging interference with his constitutional rights . . . ."  (*Id.*, at 3-4.)  Plaintiff contends, in part, that her termination constituted an unlawful interference with her right to testify at trial in violation of the First Amendment, an unlawful interference with her right to speak on a matter of public concern, and a violation of public policy.  Defendants deny Plaintiff's claims and contend that her employment was terminated "because she could not maintain confidentiality . . . misused city computers . . . and could not effectively work with her superiors."  (Doc. 42, at 1.)

At issue is Interrogatory No. 7, which seeks information regarding e-mail maintained by Plaintiff regarding this lawsuit and the efforts she undertook to

search for such information.[2]  (Doc. 120-1, at 7; Doc. 120-2, at 3.)  Defendants argue that Plaintiff improperly refuses to "identify 'the search conducted' to identify relevant emails . . . ."  (Doc. 120, at 1.)  Plaintiff responds that Interrogatory No. 7 does not request the information that is the subject of Defendants' motion.  (Doc. 121.)  Plaintiff also argues that Defendants did not sufficiently meet and confer prior to filing the present motion, in violation of D. Kan. Rule 37.2.

## ANALYSIS

**A.     Duty to Confer.**

A motion to compel "**must include** a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed.R.Civ.P. 37 (a)(1) (emphasis added).  The local rules further state that a court "**will not entertain** any motion to resolve a discovery dispute" unless a reasonable effort has been made to confer regarding the motion's underlying issue(s) prior to the filing of the motion.  D.Kan. Rule 37.2 (emphasis added).  The local rule also requires

---

[2] Initially, there was some confusion regarding the discovery requests as the Interrogatory at issue referenced the wrong Request for Production.  (Doc. 120, 2-3.)  Apparently, that confusion has been resolved and the Court will focus on Interrogatory No. 7 and its reliance on Request for Production No. 3.

the certification to describe with particularity the steps taken by all counsel to resolve the issue in dispute. These requirements encourage parties to resolve discovery disputes "without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corporations*, 189 F.R.D. 456, 459 (D.Kan. 1999); *see also* *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98-2138-KHV,1999 WL 386949, at *1 (D.Kan. June 8, 1999).

The conference mandate of "reasonable efforts to confer" requires "more than mailing or faxing a letter to the opposing party." D. Kan. Rule. 37.2. It follows, then, that the rule also requires more than exchanging e-mail. Rather, the parties must "in good faith converse, confer, compare views, and consult and deliberate or in good faith attempt to do so." *Id.*; *see also* *Cotracom,* 189 F.R.D. at 459. "[The parties] must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovery party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention." *Cotracom,* 189 F.R.D. at 459. Although the parties engaged in extensive exchange of e-mail correspondence (Doc. 120-4), this does not constitute a conversation or conference and does not satisfy the requirements of D. Kan. Rule 37.2. Simply stated, Defendant did not comply with

4

the local rule before filing the present motion.

Despite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has not been fulfilled under certain circumstances. *Cf.* ***White v. Graceland College Ctr. for Prof. Dev. & Lifelong Learning, Inc***., No. 07-2319-CM, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (holding that a court can consider the underlying issues when "the interests of justice are best served by taking up the motion [to compel] on its merits . . . ."). Rather than require Defendants to confer with Plaintiff and file an additional motion, the Court will address these discovery issues on the substantive merits in the interest of judicial economy.

**B.     Interrogatory No. 7.**

This interrogatory asks Plaintiff to "[i]dentify any efforts you have undertaken to search for electronic correspondence responsive" to Defendants' document request that sought "[a]ll e-mails maintained by Plaintiff regarding this lawsuit or the allegations made in this lawsuit." (Doc. 120, at 2; *see also* Doc. 120-1, at 11, Doc. 120-2, at 4.) The interrogatory continues by instructing that Plaintiff is to identify "the search conducted; the database, e-mail account, and/or device searched; the date the search was conducted; and the results of the search (i.e. – no

electronic correspondence found)." In her April 18, 2014, supplemental response, Plaintiff stated that

> on or around February 11, 2014, she searched for electronic correspondence responsive to Request for Production No. 3 by searching her home computer and Hotmail e-mail account. Other than correspondence between Ms. Helget and her trial attorneys, which is subject to attorney-client privilege and work product protection, no other responsive electronic correspondence was located.

(Doc. 120, at 3.)

Defense counsel subsequently sent an e-mail on April 24, 2014, indicating Defendants' position that Interrogatory No. 7 requires Plaintiff to provide detail about the search that was conducted, including, for instance, whether she searched for key words or reviewed each e-mail individually. (Doc. 120-4, at 2.) The April 24, 2014, responsive e-mail from Plaintiff's counsel states that the discovery request "doesn't ask what keywords [Plaintiff] used, and we won't be supplementing our response further." (*Id.*, at 1.)

The Court finds that Plaintiff's initial response was sufficient given the verbiage used in Interrogatory No. 7. Even so, in subsequent communication, Defendants clarified their position as to the information at which the interrogatory was directed. Plaintiff's refusal to provide supplementation because that the interrogatory does not specifically ask "what keywords" were used, while

technically correct, is counterproductive to the intentions of D. Kan. Rule 37.2. The purpose of the parties' communication was to converse, confer, compare views, consult and deliberate. Part of that conferral process was for Defendants to provide a better explanation to Plaintiff as to what they meant by "identify any efforts . . . to search for electronic correspondence." Defendants' expectation that this identification would include a description of the searches employed or a listing of keywords used is not unreasonable. Defendants' motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery Responses (Doc. 119) is **GRANTED**. Plaintiff shall supply the requested information within **fourteen (14) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 24th day of June, 2014.

        S/ KENNETH G. GALE
        KENNETH G. GALE
        United States Magistrate Judge