IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIRMA HELGET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-2228-KHV-KGG |
| | ) |
| CITY OF HAYS, *et al*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER
DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court is Plaintiff's motion (Doc. 162) to impose sanctions upon on the Defendant and one of its attorneys pursuant to Fed.R.Civ.P. 11 for alleged misstatements of fact in the pleadings to this Court.  Because the claimed statements were not materially false, the motion is **DENIED**.

Plaintiff previously filed a motion for spoilation sanctions (Doc. 33) against Defendants based on the destruction of a computer server upon which, Plaintiff claimed, were records of internet usage by Plaintiff and other Defendant employees.  In response to that motion (Doc. 44), counsel for Defendants argued that, based on information concerning how the server was utilized, the evidence did not support Plaintiff's contention that the relevant usage data was on the server

when it was destroyed. Counsel argued that the evidence demonstrated that Defendant did not use the server to monitor employee internet usage.

The Court denied the motion for spoilation sanctions, in part because of defense representations that the server was not used to monitor internet usage. The Court found that Plaintiff could not establish that the server would have provided usable information. Notwithstanding, the Court did order Defendants to provide information concerning usage by key players and to submit a proposal to Plaintiff to reconstruct certain data. (Doc. 112 , at 10.)

In later depositions of Defendant employees, Plaintiff learned, essentially, that the usage data was not used for this purpose during the relevant time period, although it had been previously. Because Defendants had stopped using the usage monitoring component of the server, and because of limitations on system capacity, running reports on usage was no longer possible. Defendants did not know for certain whether or not the server continued to collect the data, but knew that the data was not accessible by report.

It is this information which, Plaintiff claims, establishes that the statements by counsel in the previous submissions were false. Plaintiff claims that a deposition cross-examination question by defense counsel to a Defendant employee that "you do not know one way or the other whether or not the data was

actually on the server, correct?" somehow establishes the knowing falsity of the previous arguments.

Rule 11 allows the Court to sanction counsel for factual representations in pleadings which are made without evidentiary support. Fed.R.Civ.P. 11(b)(3), c(1). Certainly, the rule allows sanctions if intentionally false statements are made in a pleading.

The original motion for sanctions related to the computer server failed because Plaintiff could not establish the relevant evidence was on the server when it was destroyed. The new evidence proffered by Plaintiff from the depositions, if known earlier, would not change that result. Further, this evidence does not prove the falsity, and certainly not the intentional falsity, of defense counsel's argument that the evidence does not establish that the server contained the needed information. In fact, this continues to be true. As such, Plaintiff's Motion for Sanctions (Doc. 161) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 4th day of March, 2015.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge